Grimke, J.,
delivered the resolution of all the judges, except Trezevant, J., sick, in affirmance of the judgment of the District Court. The act of assembly must be construed to extend the limitation of time for bringing actions against executors and administrators, in the cases to which it relates, nine months beyond the period fixed by the act of limitations. This is an equitable construction. The limitation act being in restraint of the common law, ought to be strictly and equitably expounded in favor of plain, tiff. If an executor brings suit, but dies before judgment, and the four years run, his executor may sue a year after his death. If the four years be nearly elapsed, at the testator’s death, and the executor takes out process within the year after his death, it will save the bar, by reason of the limitation act, by equity of the 4th section of the statute 21 Ja. 1. Bull. N. P. 150. The 7th section of our act is similar to the 4th section of the statute of James, which authorizes the commencement of a new action, within one year, after a judgment reversed for error. The Í2th section provides, that any person that hath cause of action against any executor, or administrator,y in all cases shall bring their action within two years after the death of the testator, or within two years after cause of *252 act*on’ (sa’d t0 repealed,) see P. L. 103. \Qu. Does not this provision preclude the construction above. See 15 Vin. Abr. 103.]
The time of the prescription cannot begin to run, but from the day when the creditor has had power to bring his action ; for it cannot be said that he has delayed to sue while he was unable to bring suit. Hence, this general maxim, contra non valentem agere, nulla currit prescriptio. 2 Poth. on Obi. 147.